IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIONNE COVINGTON<br>c/o 1825 K St., NW, Ste. 750,<br>Washington, DC 20006<br><br>    Plaintiff,<br><br>v.<br><br>GATES HUDSON<br>COMMUNITY MANAGEMENT, LLC<br>3020 Hamaker Ct., Ste. 301<br>Fairfax, VA 22031<br><br>Serve:  Patricia JM Blackburn<br>        Gates Hudson & Associates, Inc.<br>        3020 Hamaker Ct., Ste. 301<br>        Fairfax, VA 22031<br><br>    Defendant. | Civil Action No.:<br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

Plaintiff Dionne Covington ("Plaintiff"), by undersigned counsel, on behalf of herself and all others similarly situated, alleges as follows:

**NATURE OF THE CASE**

1. Defendant employed Plaintiff as an assistant property manager and misclassified her as an exempt employee. Defendant also misclassified other assistant property managers as exempt employees.

2. Defendant willfully violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.,* and the D.C. Minimum Wage Revision Act ("DCMWRA"), D.C. Code § 32-1001, *et seq.*, by failing to pay Plaintiff and other assistant property managers overtime.

3. Defendant also willfully violated the District of Columbia Wage Payment Collection Law ("DCWPCL") D.C. Code § 32-1301, by failing to pay Plaintiff and other assistant property managers wages owed, including overtime wages, on the next regular payday or within seven days from the date Plaintiff and/or other assistant property managers ended employment with Defendant.

## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this district.

## THE PARTIES

6. Plaintiff was employed by Defendant as an assistant property manager for the Crescent Towers residential condominium building in Washington, D.C.

7. Defendant Gates Hudson Property Management, LLC is a property management company that manages properties in the Washington, D.C. area.

## FACTS

*Background*

8. Plaintiff worked for Defendants from March 10, 2017 until December 26, 2017 as a community manager.

9. Defendant paid Plaintiff an annual salary of $47,000 per year regardless of the number of hours she worked each week.

10. Defendants misclassified Plaintiff as an FLSA-exempt employee.

*Plaintiff was a non-exempt employee*

11. As a community manager, Plaintiff's job required only general communication and organization skills because Defendant closely controlled her work.

12. Plaintiff job duties were to receive packages for residents, walkthrough the building to look for any obvious issues with tenants or maintenance, order parking passes, manage key fobs, record new resident information in company systems, and act as a liaison between residents and maintenance or third-party contractors for building maintenance issues.

13. Additionally, Plaintiff helped prepare invoices to be sent to Property Manager Joseph Wright for approval.

14. Similarly, Plaintiff helped Mr. Wright compile contractor bids on building projects into reports to be provided to the property's Board of Directors.

15. Plaintiff did not exercise discretion or independent judgment with matters of importance, and instead merely acted as Mr. Wright's assistant.

16. Throughout her employment, Defendant routinely required Plaintiff to work more than forty hours a week by requiring that she communicate with residents, maintenance employees, and contractors outside of her normal 9am to 5pm schedule.

17. For instance, throughout Plaintiff's employment the building frequently smelled of natural gas.

18. Residents' complaints that they smelled natural gas required Plaintiff to immediately contact the gas company and work as a liaison between the building, the resident, and the utility company.

19. The building also often experienced water leaks that required similar work from Plaintiff, including one leak that required Plaintiff to work from 2am to 8am prior to starting her shift

at 9am.

20. When Plaintiff asked her supervisors if she was required to work outside of her regular schedule, Mr. Wright responded that she was required to answer all emergency emails immediately and to investigate and respond to all resident concerns.

21. Upon information and belief, Plaintiff averaged approximately 50 hours of work per week.

## RULE 23 CLASS ACTION ALLEGATIONS

22. Plaintiff bring this action on behalf of herself, individually, and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class, subject to expansion or narrowing as appropriate in a motion to certify based on continuing investigation and discovery:

> Assistant property managers employed by Defendant who were not paid overtime for work in excess of 40 hours per week within the applicable statute of limitations.

23. Excluded from the classes are: (a) any judge or magistrate presiding over this action and members of their families; (b) any Defendant and/or Third Party Defendant and any entity in which any Defendant and/or Third-Party Defendant have a controlling interest or which has a controlling interest in any Defendant and/or Third-Party Defendant and its legal representatives, assigns, and successors; and (c) all persons who properly execute and file a timely request for exclusion.

24. *Numerosity.* On information and belief, there are dozens of individuals who are or have been employed as assistant property managers with Defendant in Washington, D.C. Based on Defendant's website, Plaintiff is informed and believes that Defendant has more than forty properties and Plaintiff believes that almost all have an assistant property manager. Although

the exact number of such persons is unknown at this time, Defendant's record systems contain information on the identities and location of all such parties. Because Defendant has exclusive control of such information, Plaintiff reserves her right to amend her allegations following completion of relevant discovery from Defendant. Members of the class are so numerous that joinder of all members is impracticable. A class action is the most efficient means for resolution of the claims alleged.

25. **Commonality.** Plaintiff's claims involve questions of law and fact common to the Class, because Plaintiff and members of the class have been subjected to the same requirement that they work more than forty hours per week without receiving overtime. Among these common questions of law and fact are:

    a. Whether Plaintiff and the class are non-FLSA-exempt employees.

    b. Whether Defendant has failed to timely compensate Plaintiff and Class Members their overtime rate of pay for overtime worked.

26. **Typicality.** The named Plaintiff's claims are typical of the claims of Class Members because, *inter alia*, Plaintiff held the same title and performed the same job duties of the Class Members.

27. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent counsel, experienced in class litigation, and has no conflict of interest with other Class Members in the maintenance of this class action. In addition, Plaintiff has no relationship with Defendant except as employees. Plaintiff's interests are antagonistic to the interests of Defendant and Plaintiff will vigorously pursue the claims of the Class.

28. **Predominance and Superiority: Federal Rule of Civil Procedure 23(b)(3).** Alternatively or additionally, there are question of law or fact common to Class Members that predominate

over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy because:

    a. The damages suffered by each individual class member may be relatively small, the expense and burden of individual litigation makes it impracticable for Members of the Class to individually seek damages;

    b. Plaintiff is unaware of any litigation currently undertaken by any current or former employees to adjudicate this dispute;

    c. Class Members, to the extent they are aware of their rights against Defendant herein, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages, the lack of financial resources of many members of the Class, and the fear of retaliation for filing suit, so that a class action is the only feasible means of recovery for the Class Members; and

    d. Plaintiff envisions no difficulty in the management of this action as a class action. Damages may be calculated with mathematical precision from information contained in Defendant's records, so that the cost of administering any recovery can be minimized. Defendant's records will also reveal the name and location of all employees employed as assistant property managers with Defendant, which will make notifying all Class Members simple and straightforward.

29. Defendant uniformly failed to pay Plaintiff and many or all other assistant property managers overtime wages on their scheduled paydays.

30. The amount of unpaid overtime wages due Plaintiff and other assistant property managers can

be computed for Plaintiff and other assistant property managers using the same methodologies and Defendant's payroll records and employee data.

## JURY DEMAND

31. Plaintiff demands a trial by jury.

## COUNT 1

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (29 U.S.C. § 201, *et seq.*)

32. Plaintiff repeats and realleges every allegation in the Complaint.

33. Each defendant was an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

34. The FLSA requires employers to pay non-exempt employee one and one-half times their regular hourly rate for hours worked in excess of 40 hours in one workweek. 29 U.S.C. § 207(a)(1).

35. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rates for hours worked in excess of 40 hours in any one workweek.

36. Defendants' violations of the FLSA were willful.

37. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT 2

### FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWRA
### (D.C. Code § 32-1001, *et seq.*)

38. Plaintiff repeats and realleges every allegation in the Complaint.

39. Defendant was an employer within the meaning of the DCMWRA.

40. The DCMWRA requires employers to pay non-exempt employee one and one-half times their regular hourly rate for hours worked in excess of 40 hours in one workweek.

41. Defendants violated the DCMWRA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rates for hours worked in excess of 40 hours in any one workweek.

42. Defendant's violations of the DCMWRA were willful.

43. For Defendant's violations of the DCMWRA, Defendant is liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT 3

### FAILURE TO PAY WAGES UNDER THE DCWPCL
### (D.C. Code § 32-1301)

44. Plaintiff repeats and realleges every allegation in the Complaint.

45. Defendant was an employer of Plaintiff within the meaning of the DCWPCL.  D.C. Code § 32-1301(1).

46. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge.  D.C. Code § 32-1303(1)

47. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within seven says from the date of quitting or resigning, whichever is earlier.  D.C. Code § 32-1303(2).

48. For the purposes of the DCWPCL, wages include overtime wages.  D.C. Code § 32-1301(3).

49. Defendant violated the DCWPCL by knowingly failing to timely pay Plaintiff overtime wages earned.

50. Defendant's violations of the DCWPCL were willful.

51. For Defendants' violations of the DCWPCL, Defendant is liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant on all Counts and grant the following relief:

    a. Award Plaintiff unpaid overtime wages and liquidated damages pursuant to the FLSA and DCWPCL;

    b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c. Award Plaintiff attorneys' fees and expenses;

    d. Award Plaintiff court costs; and

    e. Award any additional relief the Court deems just

Date:   June 18, 2019

RESPECTFULLY SUBMITTED,

Alan Lescht & Associates, P.C.

By: /s/Rani Rolston
Rani Rolston [DC Bar #974052]
Alan Lescht & Associates, P.C.
1825 K Street, NW, Suite 750
Washington, D.C. 20006
Tel:  (202) 463-6036
Fax:  (202) 463-6067
rani.rolston@leschtlaw.com
*Attorney for Plaintiff*